**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**


MICHAEL EUGENE PHILLIPS,

                       **Petitioner,**

      **v.**                                 **CASE NO. 19-3111-SAC**


DAN SCHNURR,

                       **Respondent.**


**MEMORANDUM AND ORDER
TO SHOW CAUSE**

       This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. (ECF Doc. 1.) Petitioner, a prisoner in state custody at Hutchinson Correctional Facility in Hutchinson, Kansas, proceeds pro se. Petitioner challenges his conviction on several bases. The Court has screened his petition under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254 and finds that it is subject to dismissal because it was filed out of time.

**Background**

       On December 15, 2008, Petitioner was found guilty by a jury in the District Court of Sedgwick County, Kansas, of one count of first-degree felony murder, two counts of attempted aggravated robbery, and criminal possession of a firearm. *State v. Phillips*, No. 07-CR-3615. His convictions stem from the shooting death of Miguel Moya, who Phillips said rushed at him unarmed during a scuffle. Phillips shot Moya after robbing two people at gunpoint at the same house. *State v. Phillips*, 287 P.3d 245, 251 (Kan. 2012). Petitioner was sentenced on January 28,

2009 to life in prison with a mandatory minimum of 20 years, plus 81 months and lifetime post-release supervision.

The Kansas Supreme Court affirmed Phillips' convictions and sentence, other than vacating the lifetime post-release supervision component.[1] *State v. Phillips*, 287 P.3d 245, 261 (Kan. 2012). The court did not include an order of remand in its opinion. The Clerk of the Supreme Court issued a mandate on February 11, 2013, notifying the district court that the Supreme Court had affirmed its judgment, except for vacating the post-release supervision. *See State v. Phillips*, 427 P.3d 961, 963 (Kan. 2019).

On November 14, 2013, Petitioner filed a motion seeking habeas relief in Kansas courts under K.S.A. 60-1507. In his motion, Petitioner argued he was being unlawfully imprisoned because he did not fire the kill shot, his defense counsel and the State failed to investigate the shot that killed the victim, his defense counsel failed to argue for a lesser included offense and failed to reserve a theory of self-defense. Petitioner's 60-1507 motion was summarily denied by the Sedgwick County District Court on July 9, 2015 as being untimely. Petitioner appealed, and the Kansas Court of Appeals agreed the motion for reconsideration was filed out of time, as was the appeal. *Phillips v. State,* 376 P.3d 96 (Table), 2016 WL 3570487 at *3 (Kan. App. July 1, 2016), *review denied* (June 5, 2017).

On March 6, 2015, Petitioner filed a motion for a new trial under K.S.A. 22-3501 on the ground that a witness for the prosecution, Aaron Hardgraves, had committed perjury. *See Phillips*, 437 P.3d at 477. The motion was denied as time-barred on August 28, 2015. Petitioner appealed the denial, and the Kansas Supreme Court affirmed on March 29, 2019. *Phillips*, 437 P.3d at 964. The court found the motion was time-barred because the judgment became final on February 11,

---

[1] In Kansas, the state Supreme Court has original jurisdiction over appeals of all Class A felony convictions or life sentences. K.S.A. 22-3601(b)(2) and (3).

2013, when the Kansas Supreme Court issued its mandate in the direct appeal, and Phillips failed to file his motion under K.S.A. 22-3501 within the two years provided by that statute. *Id.*.

Petitioner also filed a motion to correct an illegal sentence in the trial court. It was denied on May 10, 2017, after a hearing.

On June 21, 2019, Petitioner filed the instant petition, asking the Court for a new trial.

**Rule 4 Review of Petition**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254.

**Petition**

Phillips bases his petition here on four grounds. First, he argues the jury should have been instructed as to self-defense. Second, he claims ineffective assistance of counsel in that his attorney failed to object to the removal of jury instructions on the theory of self-defense and on lesser-included offenses, after telling the jury Phillips was the shooter and acted in self-defense. Third, Petitioner claims ineffective assistance of counsel in that his attorney allegedly failed to adequately investigate which gun actually fired the killing shot and who fired the gun. Fourth, Phillips alleges a witness for the prosecution, Aaron Hardgraves, lied on the stand.

**Standard of review**

This matter is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under the AEDPA, a petitioner is entitled to habeas corpus relief only if the last reasoned state court decision either "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]", 28

U.S.C. § 2254(d)(1), or that decision was based upon an "unreasonable determination of the facts in light of the evidence presented." § 2254(d)(2). After making that showing, a petitioner under § 2254 must ultimately show that a constitutional violation occurred. *See Hancock v. Trammell*, 798 F.3d 1002, 1010 (10th Cir. 2015); 28 U.S.C. § 2254(a).

The AEDPA established a "highly deferential" standard of review and requires the habeas court to give "state-court decisions ... the benefit of the doubt." *Littlejohn v. Trammell,* 704 F.3d 817, 824 (10th Cir. 2013) (quoting *Woodford v. Visciotti,* 537 U.S. 19, 24 (2002))(per curiam). In reviewing state criminal convictions in federal habeas corpus proceedings, a federal court does not sit as a super-state appellate court. *See Estelle v. McGuire,* 502 U.S. 62, 67–68 (1991). "The question under AEDPA is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." *Schriro v. Landrigan,* 550 U.S. 465, 473 (2007). "[A] decision is 'objectively unreasonable' when most reasonable jurists exercising their independent judgment would conclude the state court misapplied Supreme Court law." *Maynard v. Boone,* 468 F.3d 665, 671 (10th Cir. 2006); *see also Frost v. Pryor,* 749 F.3d 1212, 1215 (10th Cir. 2014). This deferential standard of review "reflects the view that habeas corpus is a guard against extreme malfunctions in the state criminal justice system, not a substitute for ordinary error correction through appeal." *Harrington v. Richter,* 562 U.S. 86, 102–03 (2011) (internal quotations and citations omitted).

The Court is required to presume the factual findings of the state court are correct unless Petitioner rebuts the presumption by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *accord Welch v. Workman,* 639 F.3d 980, 991 (10th Cir. 2011).

**Analysis**

The petition is subject to dismissal because it was filed outside the limitation period established by the AEDPA. Under the AEDPA, an inmate in state custody has one year to file a federal habeas petition challenging a state conviction. 28 U.S.C. § 2244(d)(1). The act provides four alternative starting dates for the limitation period:

> The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* § 2244(d)(1)(A)-(D). The statute includes a tolling provision for properly filed post-conviction actions:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(2).

The two relevant provisions here are §§ 2244(d)(1)(A) and (D), and Phillips' petition is time-barred under either. Under Paragraph (A), Petitioner's convictions became final on May 12, 2013. The Kansas Supreme Court issued its mandate in Petitioner's direct appeal on February 11,

2013.[2]  Allowing for 90 days when Petitioner could have petitioned for review by the U.S. Supreme Court, the AEDPA limitations period started to run on May 14, 2013.

The limitations period ran until November 14, 2013, when Phillips filed his action for state habeas corpus review under K.S.A. 60-1507.  Petitioner had used 184 days of the one-year limitations period at that point.

The running of the limitations period was tolled from November 14, 2013 until December 30, 2013, when the trial court denied Petitioner's 60-1507 motion, plus 14 days during which he could have appealed.  The limitations period began to run again on January 14, 2014, and continued until at least November 10, 2014, when Petitioner filed a motion for reconsideration of the trial court's denial of his 60-1507 motion.[3]  This added another 301 days to the 184 days Petitioner had already used.  Thus, the one-year AEDPA limitations period ran for Phillips in 2014 (specifically, on or about July 13, 2014).  As a result, his petition here is untimely and subject to dismissal.

Considering the petition under Paragraph (D) of § 2244(d)(1), which provides, alternatively, that the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence", each of the claims Phillips raises was discoverable at the time of his trial.  The factual basis of his claim regarding the jury instructions was apparent when the instructions were given at trial, long before the judgment was final.  Similarly, the factual predicates for each of his ineffective assistance claims were obvious at trial.  Lastly, the factual predicate of his claim that Aaron

---

[2] The Kansas Supreme Court affirmed on all bases, except it found the trial court did not have the authority to sentence Petitioner to lifetime post-release supervision.  The Supreme Court did not remand the case for resentencing; it vacated the post-release component of Petitioner's sentence.  There was confusion at the trial court level about this, with the court holding a resentencing hearing.  The Supreme Court later held that was unnecessary, and Mr. Phillips's conviction and sentence were final upon the issuance of its mandate.  *See State v. Phillips*, 437 P.3d 961 (Kan. 2019).

[3] The motion for reconsideration was untimely under Kansas law (*see Phillips v. State,* 376 P.3d 96 (Table), 2016 WL 3570487 at *3 (Kan. App. July 1, 2016), *review denied* (June 5, 2017)) and therefore was not "properly filed" such that it would toll the limitations period, if the period had not already run.

Hardgraves perjured himself at trial was discovered, or could have been discovered, when

Hardgraves testified at trial. *See Taylor v. Martin*, 757 F.3d 1122, 1124 (10th Cir. 2014). The fact

that Hardgraves did not sign an affidavit to that effect until December 15, 2014 does not change

this conclusion. *See id.* As a result, Paragraph (D) of § 2244(d)(1) does not provide Phillips with

a later staring date for the limitations period.

Consequently, the Court directs Petitioner to show cause why this action should not be

summarily dismissed because it was filed out of time.


**IT IS THEREFORE ORDERED** that Petitioner is granted to and including **October 24,**

**2019**, to show cause why this matter should not be dismissed as barred by the statute of limitations.

The failure to file a response may result in the dismissal of this matter without additional prior

notice.

**IT IS FURTHER ORDERED** that Petitioner's motions for leave to proceed in forma

pauperis (ECF Nos. 5 and 7) are **granted**.

**IT IS SO ORDERED.**

**DATED:  This 24th day of September, 2019, at Topeka, Kansas.**


                                     s/ Sam A. Crow_____
                                     **SAM A. CROW**
                                     **U.S. Senior District Judge**