IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

MICHAEL EUGENE PHILLIPS,

        Petitioner,

v.           CASE NO. 19-3111-SAC

DAN SCHNURR,

        Respondent.

## MEMORANDUM AND ORDER

This matter is a petition for habeas corpus filed pursuant to 28 U.S.C. § 2254. (ECF Doc. 1.) Petitioner, a prisoner currently in state custody at El Dorado Correctional Facility in El Dorado, Kansas, proceeds pro se. On September 24, 2019, this Court directed Petitioner to show cause why this matter should not be summarily dismissed as filed outside the one-year limitation period provided in 28 U.S.C. § 2244(d)(1). Petitioner has filed a response to the show cause order (ECF No. 9) and a supplement to his response (ECF No. 10).

In his response, Mr. Phillips states, "Petitioner's time barring in the mid-level courts is obviously unfair and shocking to the conscience causing a manifest injustice to occur." ECF No. 9, at 3. Petitioner goes on to describe some filing irregularities with his K.S.A. 60-1507 action and seems to be arguing he did not receive a ruling on the merits in the state district court.

It is not clear to the Court how this pertains to the fact that his petition here was filed out of time. Petitioner had one year to file this action, either from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

1

review" or "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." *See* 28 U.S.C. § 2244(d)(1)(A) and (D).

As explained in the Order to Show Cause, under Paragraph (A) of § 2244(d)(1), the limitations period started to run on May 14, 2013, and continued until November 14, 2013, when Phillips filed his action for state habeas corpus review under K.S.A. 60-1507. Petitioner had used 184 days of the one-year limitations period at that point.

The running of the limitations period was tolled from November 14, 2013 until December 30, 2013, when the trial court denied Petitioner's 60-1507 motion, plus 30 days during which he could have appealed. *See Cline v. Schnurr*, 652 F. App'x 708, 711-12 (10th Cir. 2016) (citing *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000)). The limitations period began to run again on January 30, 2014, and continued until at least November 10, 2014, when Petitioner filed a motion for reconsideration of the trial court's denial of his 60-1507 motion.[1] This added another 285 days to the 184 days Petitioner had already used. Thus, the one-year AEDPA limitations period ran for Phillips in 2014. As a result, his petition here, which was filed on June 21, 2019, is untimely and subject to dismissal.

Considering the petition instead under Paragraph (D) of § 2244(d)(1), which provides, alternatively, that the limitations period begins to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence", each of the claims Phillips raises was discoverable at the time of his trial. The factual basis of his claim regarding the jury instructions was apparent when the instructions were given at trial, long before the judgment was final. Similarly, the factual predicates for each of his ineffective assistance claims were obvious at trial. Lastly, the factual predicate of his claim that

---

[1] The motion for reconsideration was untimely under Kansas law (*see Phillips v. State,* 376 P.3d 96 (Table), 2016 WL 3570487 at *3 (Kan. App. July 1, 2016), *review denied* (June 5, 2017)) and therefore was not "properly filed" such that it would toll the limitations period, if the period had not already run.

Aaron Hardgraves perjured himself at trial was discovered, or could have been discovered, when Hardgraves testified at trial.  *See Taylor v. Martin*, 757 F.3d 1122, 1124 (10th Cir. 2014).  In *Taylor v. Martin*, the Tenth Circuit considered a very similar situation.  The focus of Mr. Taylor's habeas claim was that a government witness lied at trial.  *Id*. at 1123.  The Tenth Circuit found that the "factual predicate" of the claim is that the witness lied at trial, not that he later signed an affidavit admitting his perjury.  *Id.* at 1124.  The fact that here Hardgraves did not sign an affidavit until December 15, 2014 does not change the conclusion that the factual predicate of his claim was apparent well before his conviction became final.  *See id.*  As a result, Paragraph (D) of § 2244(d)(1) does not provide Phillips with a later staring date for the limitations period.

The one-year limitation period of 2244(d) is subject to equitable tolling.  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control."  *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *see also Holland,* 560 U.S. at 649.  An inmate "bears a strong burden to show specific facts" in support of his claim that equitable tolling applies.  *Yang v. Archuleta,* 525 F.3d 925, 928 (10th Cir. 2008) (quotation and citations omitted).  Petitioner does not make an argument that equitable tolling should apply, and the Court can discern no extraordinary circumstances.

The Court finds Petitioner exceeded the limitation period for filing this action and has failed to establish the extraordinary circumstances necessary to support equitable tolling.

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability ("COA") upon entering a final adverse order.  A COA may issue only if the petitioner made a substantial showing of the denial of a constitutional right.  28

U.S.C. § 2253(c)(2).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  The failure to satisfy either prong requires the denial of a COA.  *Id.* at 485.  The Court finds nothing in the present record that suggests its ruling is debatable or an incorrect application of the law and therefore declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this petition seeking relief under 28 U.S.C. § 2254 is dismissed as time-barred.

**IT IS SO ORDERED.**

**DATED:  This 12th day of May, 2020, at Topeka, Kansas.**

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**